

ENTERED
06/06/2014

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| **CLIFTON ANDREW PAPE** | § | **CASE NO: 13-33948** |
| Debtor(s) | § | |
| | § | **CHAPTER  13** |

## MEMORANDUM OPINION

Clifton Pape executed a Deed of Trust to Secure Assumption in favor of Robbie Pape on August 3, 2009.  Robbie Pape subsequently assigned the Deed of Trust to LienAssistance, LLC.  Pursuant to the Deed of Trust, LienAssistance is awarded $52,999.80 in attorneys' fees, expenses and accrued interest.  The balance of LienAssistance's claim for fees, expenses, and interest is denied.

### Background

Clifton Pape and Robbie Pape were married in 2001 and divorced in 2009.  Pursuant to the Final Decree of Divorce, Mr. Pape was awarded the real property located at 2205 Milford, Houston, Texas, as his sole and separate property.  LienAssistance Exhibit 1.  The Milford Property was encumbered by a first mortgage held by CitiMortgage, Inc. in the amount of $303,482.99, and a second mortgage held by LienAssistance, as assignee of Ms. Pape, in the approximate amount of $55,239.60.  ECF No. 100 at 1.  The Parties agree that LienAssistance is over-secured.

Ms. Pape conveyed her interest in the Milford Property to Mr. Pape through a Deed of Trust to Secure Assumption.  LienAssistance Exhibit 2.  In exchange, Mr. Pape agreed to perform all the covenants of the Note and Deed of Trust that he assumed.  LienAssistance Exhibit 2.  The Deed of Trust provides that if Mr. Pape fails to perform any of his obligations under the note, LienAssistance is entitled to perform those obligations, advance funds required,

and then be reimbursed by Mr. Pape for any amounts advanced, including attorneys' fees, plus interest on those amounts from the dates of payment at the highest legal rate.   LienAssistance Exhibit 2.   Between August, 2011 and May, 2013, Ms. Pape made mortgage and insurance payments for the Milford Property totaling $61,387.25.[1]   LienAssistance Exhibit 6.   Mr. Pape reimbursed Ms. Pape for $7,725.00 in mortgage payments, leaving a balance of $53,662.25. LienAssistance Exhibit 6.   Ms. Pape hired Kane Russell Coleman & Logan PC after she began experiencing difficulty in being reimbursed for her advances to Mr. Pape.[2]

Kane Russell assisted Ms. Pape in forming LienAssistance, LLC.   Ms. Pape is the sole member of LienAssistance and her father is the manager.   Ms. Pape transferred the Deed of the Trust and the amounts owed under the Deed of Trust to LienAssistance on May 1, 2013.   ECF No. 106 at 5.   Ms. Pape treated the mortgage and insurance payments that she advanced and the attorneys' fees she paid to Kane Russell as capital contributions to LienAssistance.   Ms. Pape testified that she chose to form LienAssistance because the divorce proceedings were contentious.   She believed that creating the entity would make the situation with Mr. Pape less stressful because she would not have to deal with him directly.

Mr. Pape filed a voluntary chapter 7 petition on June 28, 2013.   LienAssistance filed a proof of claim seeking $53,662.25 for mortgage payments, insurance and accrued interest for the Milford Property.   LienAssistance Exhibit 6.   LienAssistance also sought $20,839.14 in attorney fees and expenses incurred from January 2, 2013 through June 27, 2013.   LienAssistance Exhibit 6.   On December 12, 2013, LienAssistance filed its' Motion for Allowance and Payment of Postpetition Attorneys' Fees and Expenses and Interest.   ECF No. 106.   The Motion seeks

---

[1] This figure includes accrued interest.

[2] Ms. Pape testified that she also sought assistance from Kane Russell: (1) because third parties had expressed interest in purchasing her lien on the Milford Property; (2) to assist her in forming an LLC so that she would not have to deal directly with Mr. Pape; (3) to pursue foreclosure on her lien; and (4) to help with a child support issue.

$34,205.00 in professional fees; $2,961.71 in expenses; and $3,811.35 in interest.  Mr. Pape objected to the reasonableness of LienAssistance's pre and postpetition attorneys' fees.  A hearing was held on December 17, 2013 and continued on February 6, 2014.  LienAssistance submitted invoices for the work performed from January 2, 2013 through December 19, 2013.

The Parties stipulated that Michael Ridulfo, a partner at Kane Russell, would testify that all of Kane Russell's fees were reasonable.  Mr. Pape's objection to the reasonableness of LienAssistance's attorneys' fees can be characterized in six general categories: (1) fees that LienAssistance is not entitled to recover under the Deed of Trust; (2) entries that are too vague to determine whether the fees are reasonable; (3) entries that lump multiple tasks in one entry so that an allocation between reasonable and unreasonable fees cannot be made; (4) fees for unnecessary interoffice conferences; (5) entries that are duplicative; and (6) entries for unnecessary or excessive time expended on a task.  Mr. Pape does not dispute the hourly rates charged, and does not dispute that the invoices reflect time actually spent on the case.

Mr. Pape filed an application to approve and allow sale of the Milford Property on November 27, 2013.  ECF No. 100.  Mr. Pape sought to sell the Milford Property for $640,000.00.  Mr. Pape's application was approved on December 9, 2013. ECF No. 109.  Sale of the Milford Property was scheduled to close on December 18, 2013.  At the conclusion of the December 17 hearing, the Court determined that $54,946.27 should be set aside from the sale of the Milford Property to be used to satisfy LienAssistance's attorneys' fees and expenses.  This amount was determined without prejudice to upward or downward adjustment at the conclusion of evidence.  At the closing, Lien Assistance was reimbursed for the mortgage payments and other non-attorney-fee payments made by it.

### Analysis

11 U.S.C. § 506(b) provides that:

> "To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose."

Generally, the Fifth Circuit employs the lodestar method to determine the reasonableness of attorneys' fees. *In re Skyport Global Commc'ns, Inc.*, 450 B.R. 637, 647 (Bankr. S.D. Tex. 2011) (citing *Cahill v. Walker & Patterson, P.C. (In re Cahill)*, 428, F.3d 536, 539-40) (5th Cir. 2005)). Courts compute the lodestar fee by multiplying the number of hours an attorney would reasonably spend for the same type of work by the prevailing hourly rate in the community. *In re Skyport Global Commc'ns, Inc.*, 450 B.R. at 647. Courts may then adjust the lodestar up or down based on consideration of the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc. Id.*

The burden is on the party seeking payment of attorneys' fees to show that the hours requested are reasonable. *Id.* The moving party must submit sufficient documentation to meet its burden of proof. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). This normally requires a party to produce contemporaneous billing records or other sufficient documentation. *Id.* A party's failure to provide contemporaneous billing records does not preclude an award of fees, per se, so long as the movant provides sufficient evidence to determine the number of compensable hours. *Id.* at 325.

If an applicant's supporting documentation is vague or incomplete, the district court may reduce or eliminate such hours. *See e.g. Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983); *see also League of United Latin Am. Citizens No. 4552*

(*LULAC*) *v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997).  Litigants take their chances by submitting fee applications that are too vague to permit a determination of whether the hours claimed were reasonably spent.  *LULAC v. Roscoe Indep. Sch. Dist.*, 119 F.3d at 1233. On the other hand, the Fifth Circuit recognizes that the practical considerations of the daily practice of law preclude describing the services rendered in excruciating detail.  *Id.*  Although lower courts have broad discretion to exclude or reduce hours based on insufficient documentation, mere recitation that there is insufficient documentation does not justify a denial of fees.  *Id.*  Each attorney in *LULAC* submitted time records containing the date, the number of hours spent and a short but thorough description of the services rendered.  *Id.*  The *LULAC* Court found that the records submitted by the LULAC attorneys were not so vague as to preclude meaningful review of whether particular hours were reasonably expended.  *Id.*  The *LULAC* Court remanded, instructing the district court to determine whether particular hours were reasonable, as opposed to making an across the board determination.  *Id.*

A.     **Fees that LienAssistance is not entitled to recover**

Pursuant to the Deed of Trust, LienAssistance is entitled to perform Mr. Pape's obligations under the note and be reimbursed for any advances, including attorney's fees.  These attorney's fees must relate to the obligations LienAssistance performed under the Deed of Trust. There are three main categories of fees that LienAssistance seeks for which it cannot be reimbursed under the Deed of Trust—the formation of LienAssistance; the attempted sale of the lien to third-party investors; and child support issues.  Time entries for these services are completely disallowed.  There are many entries where non-compensable tasks are combined with compensable tasks.  The Court will allow a portion of the fees for these entries in order to exclude any time billed for the non-compensable categories.  Because LienAssistance bears the

burden of proof, where it is unclear whether a time entry is in regards to a non-compensable matter, the Court will reduce the fees in favor of Mr. Pape.

$3,292.50 in fees related to the sale of the lien is disallowed. The sale of the lien was not necessary to protect LienAssistance's rights under the Deed of Trust. Ms. Pape, in fact, chose not to sell the lien to a third party and instead assigned her interest to LienAssistance. Because a sale of the lien was not necessary to protect LienAssistance's rights under the Deed of Trust, these fees will not be allowed. Likewise, the formation of LienAssistance was not necessary to protect Ms. Pape's interest under the Deed of Trust. Ms. Pape could have pursued all of the same remedies in her individual capacity without creating LienAssistance. $3,232.25 in fees related to the formation of LienAssistance is disallowed. $1,768.00 in fees related to child support issues is disallowed. This is an ancillary issue having nothing to do with Mr. Pape's obligations under the Deed of Trust. An itemization of disallowed fees in attached to this Opinion as Exhibit A.

## B.   Vague, duplicative and lumped entries

Fees may be adjusted downward or disallowed where entries are vague or duplicative When multiple tasks are lumped together making it difficult to ascertain how much time was spent on each task, the Court treats these as vague entries. The Court also treats as vague any entries where the Court cannot determine the purpose of the entry because of an inadequate description. Because LienAssistance bears the burden of proof, where there are vague or duplicative time entries, the Court will reduce the fees in favor of Mr. Pape. $1,400.00 is disallowed for vague time entries and $3,907.00 for duplicative entries.

## C.    Interoffice conferences

The Fifth Circuit has not enumerated a clear rule regarding fees for interoffice conferences.  Lower courts in the Fifth Circuit seem to generally agree on a protocol for awarding fees for interoffice conferences.  It seems clear that courts may award fees for interoffice conferences.  However courts have tended to reduce fee awards for an inordinate number of interoffice conferences, or when more than one attorney bills for the same conference. *See Thibeaux v. Principi*, CIV.A. 04-1609, 2008 WL 5416408 at * 3(W.D. La. Dec. 8, 2008) *report and recommendation adopted sub nom. Thibeaux v. Principi ex rel. U.S. Dep't of Veterans Affairs*, CIV. A. 04-1609, 2008 WL 5746940 (W.D. La. Dec. 30, 2008); *see also In re Witts*, 180 B.R. 171, 173 (Bankr. E.D. Tex. 1995).  Some courts have required a detailed explanation of why the conference was necessary and an explanation of each attorney's participation in the conference. *See In re Office Products of Am., Inc.*, 136 B.R. 964, 977 (Bankr. W.D. Tex. 1992); *see also In re Saunders*, 124 B.R. 234, 234 (Bankr. W.D. Tex. 1991).

The Court holds that fees for interoffice conferences are allowed so long as there is not an inordinate number of interoffice conferences, and so long as multiple attorneys do not bill for the same conference.  In light of the Fifth Circuit's holding in *Kellstrom*, the lawyers need not provide a detailed explanation of the necessity of the conference or each lawyer's role so long as it is clear from the evidence that such a conference was reasonable and necessary for the case.

Mr. Pape points to 102 instances where Kane Russell billed for interoffice communications.  Because of instances where multiple tasks are lumped in one entry, the Court cannot ascertain how many hours were billed for interoffice communications.  The Court approximates that thirty five hours were billed for interoffice communications.  The Court disallows fifteen of these thirty five hours either because they relate to a matter not covered

under the Deed of Trust, or the interoffice conference was billed by more than one professional. Kane Russell has submitted 270 time entries and a total of 287.7 hours. In relation to the total number of hours billed, the amount of time billed for interoffice communications was not inordinate and the balance of the time for these communications is allowed.

**D.     Unnecessary or excessive amount of time expended**

The Court agrees with Mr. Pape that fees should not be awarded for any unnecessary or excessive time. However, Mr. Pape has not demonstrated that any of Kane Russell's time was unnecessary or excessive. Mr. Ridulfo's testimony was that all of the fees were reasonable and necessary. Mr. Ridulfo was a credible witness and the Court believes this representation. Mr. Pape points to several instances where he alleges that the time expended was unnecessary or excessive. For example, Mr. Pape's counsel argued that spending six hours for a first year law student to research usury law was unnecessary with an experienced lawyer such as Mr. Ridulfo on the case. In total it appears that Kane Russell spent $805.00 researching the usury issue. As the Court stated at the February 6 hearing, it is not unreasonable that even experienced counsel like Mr. Ridulfo may need to conduct research in order to be fully prepared and to adequately represent his client.

The amount of fees alone does not determine reasonableness. The Court cannot merely say that because the amount of fees expended by Kane Russell were significant in the context of a chapter 13 case, that the Court should reduce or deny fees that were reasonably incurred.

Many of the fees were caused by Mr. Pape's own ill-founded pleadings when he was represented by prior counsel. He attempted, without success and with limited merit in his pleadings, to invalidate the lien. Mr. Pape had a right to prosecute his case, including objecting to the validity of LienAssistance's lien and its attorneys' fees. In doing so Mr. Pape assumed the

risk that he would be required to pay LienAssistance's legal fees if he was unsuccessful. The Court will not punish LienAssistance or its counsel for Mr. Pape's poor strategic decisions in the case.

**E.      Expenses and interest**

LienAssistance is awarded a pro rata share of expenses on each invoice, equal to the same percentage of fees awarded for such invoice.

Pursuant to the Deed of Trust, LienAssistance is awarded interest at the rate of eighteen percent per year. Ms. Pape testified that she paid each invoice as it came due except for November and December, 2013, which she had not yet paid as of the time of her testimony. The Court will award interest on each invoice beginning thirty days after the date of each invoice. For example, interest on the April 22, 2013 invoice will accrue from May 22, 2013. Because no evidence was introduced that Ms. Pape, in fact, paid the November, 2013 through January, 2014 invoices, interest will not be awarded for these invoices.

The sale of the Milford Property closed on December 18, 2013 and $54,946.27 was set aside to satisfy the present dispute. Because the funds to fully satisfy LienAssistance's claim became available on December 18, 2013, interest will accrue only up until this date. LienAssistance is entitled to $1,839.89 in interest.

**F.      Johnson Factors**

The twelve *Johnson* factors that courts must consider in determining reasonableness of fees are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the required skill to perform the legal service properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the amount involved and the

results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *In re JMW Auto Sales*, 494 B.R. 877, 893 (Bankr. S.D. Tex. 2013).   The lodestar method is presumed to account for four of the twelve *Johnson* factors—the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from litigation. *Id.*

Upon examination of the relevant *Johnson* factors, the Court determines that no upward or downward adjustment of the lodestar amount is necessary.

### Conclusion

LienAssistance is awarded $48,856.58 in legal fees, $2,311.33 in expenses and $1,831.89 in interest for a total award of $52,999.80.   The Court will enter an order consistent with this Memorandum Opinion.

SIGNED **June 6, 2014.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

| | | Exhibit A | | | | |
|---|---|---|---|---|---|---|
| | | Itemization of Disallowed Fees | | | | |
| Date | Timekeeper | Total hours requested | Total amount requested | Hours disallowed | Amount disallowed | Reason for disallowance |
| 01/02/13 | Kevin Riley | 0.5 | $ 125.00 | 0.5 | $ 125.00 | Sale of lien |
| 01/03/13 | Kevin Riley | 0.2 | $ 50.00 | 0.2 | $ 50.00 | Sale of lien |
| 01/03/13 | Kevin Riley | 0.2 | $ 50.00 | 0.2 | $ 50.00 | Sale of lien |
| 01/31/13 | Kevin Riley | 0.1 | $ 25.00 | 0.1 | $ 25.00 | Sale of lien |
| 02/26/13 | Kevin Riley | 0.4 | $ 100.00 | 0.4 | $ 100.00 | Sale of lien |
| 03/20/13 | Forrest Smith | 0.3 | $ 75.00 | 0.15 | $ 37.50 | Sale of lien[1] |
| 03/20/13 | Kevin Riley | 0.3 | $ 75.00 | 0.3 | $ 75.00 | Sale of lien |
| 03/21/13 | Forrest Smith | 0.2 | $ 50.00 | 0.2 | $ 50.00 | Sale of lien |
| 03/22/13 | Forrest Smith | 0.5 | $ 125.00 | 0.5 | $ 125.00 | Sale of lien |
| 03/25/13 | Forrest Smith | 0.2 | $ 50.00 | 0.2 | $ 50.00 | Sale of lien |
| 03/26/13 | Forrest Smith | 0.2 | $ 50.00 | 0.2 | $ 50.00 | Sale of lien |
| 03/27/13 | Forrest Smith | 0.3 | $ 75.00 | 0.3 | $ 75.00 | Sale of lien |
| 03/28/13 | Forrest Smith | 2.6 | $ 650.00 | 1.3 | $ 330.00 | Sale of lien |
| 03/28/13 | Karen Reichlin | 0.2 | $ 20.00 | 0.2 | $ 20.00 | LLC formation |
| 03/29/13 | Kevin Riley | 2 | $ 500.00 | 1 | $ 250.00 | Sale of lien |
| 03/29/13 | Forrest Smith | 0.5 | $ 125.00 | 0.5 | $ 125.00 | Sale of lien |
| 04/01/13 | Forrest Smith | 0.9 | $ 225.00 | 0.9 | $ 225.00 | Sale of lien |
| 04/02/13 | Forrest Smith | 0.3 | $ 75.00 | 0.3 | $ 75.00 | Sale of lien |
| 04/03/13 | Forrest Smith | 1.8 | $ 450.00 | 0.9 | $ 225.00 | Sale of lien |
| 04/05/13 | Forrest Smith | 0.8 | $ 200.00 | 0.4 | $ 100.00 | Sale of lien |
| 04/12/13 | Forrest Smith | 0.6 | $ 150.00 | 0.6 | $ 150.00 | LLC formation |
| 04/12/13 | Meoldy Wang | 1.1 | $ 220.00 | 1.1 | $ 220.00 | LLC formation |
| 04/15/13 | Forrest Smith | 0.6 | $ 150.00 | 0.6 | $ 150.00 | LLC formation |
| 04/15/13 | Karen Reichlin | 0.4 | $ 40.00 | 0.4 | $ 40.00 | LLC formation |
| 04/16/13 | Karen Reichlin | 0.3 | $ 30.00 | 0.3 | $ 30.00 | LLC formation |
| 05/01/13 | Forrest Smith | 1.1 | $ 275.00 | 0.825 | $ 206.25 | LLC formation |
| 05/01/13 | Karen Reichlin | 1.9 | $ 190.00 | 1.26 | $ 126.00 | LLC formation |
| 05/02/13 | Forrest Smith | 0.6 | $ 150.00 | 0.4 | $ 100.00 | LLC formation |
| 05/03/13 | Forrest Smith | 0.4 | $ 100.00 | 0.4 | $ 100.00 | LLC formation |
| 05/03/13 | Karen Reichlin | 0.6 | $ 60.00 | 0.6 | $ 60.00 | LLC formation |
| 05/06/13 | Forrest Smith | 1.8 | $ 450.00 | 1.2 | $ 300.00 | LLC formation & sale of lien |
| 05/07/13 | Forrest Smith | 1.8 | $ 450.00 | 1.2 | $ 300.00 | LLC formation |
| 05/07/13 | Karen Reichlin | 0.9 | $ 90.00 | 0.9 | $ 90.00 | LLC formation |
| 05/09/13 | Forrest Smith | 2.9 | $ 725.00 | 0.5 | $ 125.00 | LLC formation |
| 05/09/13 | Karen Reichlin | 1.5 | $ 150.00 | 1.5 | $ 150.00 | LLC formation |
| 05/10/13 | Forrest Smith | 1.4 | $ 350.00 | 1 | $ 250.00 | LLC formation |
| 05/10/13 | Karen Reichlin | 0.2 | $ 20.00 | 0.2 | $ 20.00 | LLC formation |
| 05/13/13 | Forrest Smith | 1.1 | $ 275.00 | 1.1 | $ 275.00 | Sale of lien |
| 05/13/13 | Kevin Riley | 0.2 | $ 50.00 | 0.2 | $ 50.00 | Sale of lien |
| 05/14/13 | Forrest Smith | 0.8 | $ 200.00 | 0.8 | $ 200.00 | Sale of lien |
| 05/20/13 | Karen Reichlin | 1.5 | $ 150.00 | 1.5 | $ 150.00 | LLC formation |

| Date | Timekeeper | Total hours requested | Total amount requested | Hours disallowed | Amount disallowed | Reason for disallowance |
|---|---|---|---|---|---|---|
| 05/22/13 | Forrest Smith | 1.4 | $ 350.00 | 1 | $ 250.00 | Sale of lien |
| 05/23/13 | Forrest Smith | 1.7 | $ 425.00 | 0.3 | $ 75.00 | Sale of lien |
| 05/28/13 | Forrest Smith | 0.4 | $ 100.00 | 0.4 | $ 100.00 | LLC formation |
| 05/28/13 | Meoldy Wang | 0.5 | $ 100.00 | 0.5 | $ 100.00 | Vague |
| 05/29/13 | Forrest Smith | 0.6 | $ 150.00 | 0.4 | $ 100.00 | LLC formation |
| 05/30/13 | Forrest Smith | 0.6 | $ 150.00 | 0.3 | $ 75.00 | LLC formation |
| 05/30/13 | Karen Reichlin | 0.2 | $ 20.00 | 0.2 | $ 20.00 | LLC formation |
| 05/31/13 | Forrest Smith | 0.5 | $ 125.00 | 0.2 | $ 50.00 | LLC formation |
| 05/31/13 | Karen Reichlin | 0.5 | $ 50.00 | 0.5 | $ 50.00 | LLC formation |
| 06/03/13 | Forrest Smith | 1.2 | $ 300.00 | 0.8 | $ 200.00 | LLC formation |
| 06/03/13 | Karen Reichlin | 0.5 | $ 50.00 | 0.5 | $ 50.00 | LLC formation |
| 06/14/13 | Forrest Smith | 0.8 | $ 200.00 | 0.8 | $ 200.00 | Vague |
| 07/01/13 | Michael Ridulfo | 0.8 | $ 200.00 | 0.4 | $ 100.00 | Duplicative interoffice conference |
| 07/08/13 | Forrest Smith | 1.2 | $ 300.00 | 0.3 | $ 75.00 | Duplicative interoffice conference |
| 07/08/13 | Michael Ridulfo | 0.4 | $ 100.00 | 0.4 | $ 100.00 | Duplicative interoffice conference |
| 07/09/13 | Angela Offerman | 0.5 | $ 100.00 | 0.2 | $ 40.00 | Duplicative interoffice conference |
| 07/10/13 | Forrest Smith | 0.5 | $ 125.00 | 0.5 | $ 125.00 | Vague |
| 07/11/13 | Angela Offerman | 0.5 | $ 100.00 | 0.1 | $ 20.00 | Duplicative interoffice conference |
| 07/12/13 | Forrest Smith | 0.5 | $ 125.00 | 0.3 | $ 75.00 | Duplicative interoffice conference |
| 07/15/13 | Angela Offerman | 6.8 | $ 1,360.00 | 3.21 | $ 642.00 | Duplicative interoffice conference & child support |
| 07/15/13 | Forrest Smith | 0.7 | $ 175.00 | 0.7 | $ 175.00 | Duplicative interoffice conference |
| 07/18/13 | Michael Ridulfo | 0.2 | $ 50.00 | 0.2 | $ 50.00 | Duplicative interoffice conference |
| 07/24/13 | Michael Ridulfo | 0.4 | $ 100.00 | 0.4 | $ 100.00 | Vague |
| 07/26/13 | Michael Ridulfo | 0.3 | $ 75.00 | 0.2 | $ 50.00 | Duplicative interoffice conference |
| 07/29/13 | Michael Ridulfo | 0.8 | $ 200.00 | 0.37 | $ 75.00 | Duplicative interoffice conference |
| 07/31/13 | Forrest Smith | 0.8 | $ 200.00 | 0.37 | $ 75.00 | Duplicative interoffice conference |
| 08/01/13 | Michael Ridulfo | 0.2 | $ 50.00 | 0.1 | $ 25.00 | Duplicative interoffice conference |
| 08/05/13 | Michael Ridulfo | 0.3 | $ 75.00 | 0.3 | $ 75.00 | Duplicative interoffice conference |
| 08/08/13 | Angela Offerman | 3.7 | $ 740.00 | 0.2 | $ 40.00 | Duplicative interoffice conference |
| 08/12/13 | Angela Offerman | 3.3 | $ 660.00 | 1.15 | $ 330.00 | Duplicative interoffice conference & child support |

Exhibit A, Page 2

| Date | Timekeeper | Total hours requested | Total amount requested | Hours disallowed | Amount disallowed | Reason for disallowance |
|---|---|---|---|---|---|---|
| 08/13/13 | Angela Offerman | 1.2 | $ 240.00 | 1 | $ 40.00 | Duplicative interoffice conference |
| 08/13/13 | Forrest Smith | 0.3 | $ 75.00 | 0.3 | $ 75.00 | Child support |
| 08/19/13 | Angela Offerman | 2.7 | $ 540.00 | 1.3 | $ 260.00 | Duplicative interoffice conference & child support |
| 08/19/13 | Forrest Smith | 0.7 | $ 175.00 | 0.7 | $ 175.00 | Vague |
| 08/20/13 | Forrest Smith | 0.3 | $ 75.00 | 0.3 | $ 75.00 | Duplicative interoffice conference |
| 08/20/13 | Michael Ridulfo | 1.7 | $ 425.00 | 0.3 | $ 75.00 | Duplicative interoffice conference |
| 08/21/13 | Angela Offerman | 2.3 | $ 460.00 | 0.7 | $ 140.00 | Duplicative interoffice conference & child support |
| 08/26/13 | Michael Ridulfo | 0.9 | $ 225.00 | 0.9 | $ 225.00 | Duplicative interoffice conference |
| 08/27/13 | Michael Ridulfo | 0.6 | $ 150.00 | 0.6 | $ 150.00 | Duplicative interoffice conference |
| 08/28/13 | Forrest Smith | 0.5 | $ 125.00 | 0.5 | $ 125.00 | Duplicative interoffice conference |
| 08/29/13 | Michael Ridulfo | 1.6 | $ 400.00 | 0.2 | $ 50.00 | Duplicative interoffice conference |
| 09/03/13 | Michael Ridulfo | 3.7 | $ 925.00 | 0.2 | $ 50.00 | Duplicative interoffice conference |
| 09/23/13 | Michael Ridulfo | 1 | $ 250.00 | 0.66 | $ 166.00 | Child support |
| 09/24/13 | Forrest Smith | 0.3 | $ 75.00 | 0.3 | $ 75.00 | Duplicative interoffice conference |
| 09/12/13 | Forrest Smith | 0.1 | $ 25.00 | 0.1 | $ 25.00 | Vague |
| 10/16/13 | Angela Offerman | 1.1 | $ 220.00 | 0.4 | $ 80.00 | Child support |
| 10/16/13 | Forrest Smith | 0.3 | $ 75.00 | 0.3 | $ 75.00 | Child support |
| 12/04/13 | Angela Offerman | 1 | $ 200.00 | 1 | $ 200.00 | Note |
| 12/16/13 | Angela Offerman | 0.5 | $ 100.00 | 0.1 | $ 20.00 | Duplicative interoffice conference |
| 12/16/13 | Forrest Smith | 0.3 | $ 75.00 | 0.3 | $ 75.00 | Duplicative interoffice conference |
| | | 86.1 | $ 18,960.00 | 50.80 | $ 10,852.75 | |

[1] In instances where less than the full charge is disallowed, the time entry included some time that was compensable and some that was not. The Court allocated time more heavily to the non-compensable portion to reflect LienAssistance's burden of proof.